Good morning, President Cameron. I'm here with the U.S. Ambassador to New York, Mr. Rzewnicki. Mr. Rzewnicki, since I was a student, and you've been a professional Rzewnicki, I'm here to be so very kind to answer two of the minutes and a lot of questions. Yes, we can go today to court, or if the parties do want to discuss whether Harrison would like to discuss the statute 13-912, section 80, which is the state's registration statute for first offenders. Now, isn't this case signing in 1891 Harrison Court, because the instruction came from the New York record, you know, at least in the first opinion, can you imagine yourself as a person who's seen the declaration of multiple felonies that are not even referred to as offenders? So, do you have any cases of torture in Arizona? No, I don't. So, it seems to me the theory behind it right here is that if you're 23-byte in jail, but if you were to take two bites of the statute, and you're not going to be a person on the New York record anymore, you know, this is a statute, and you can't have that, as far as the automatic registration comes into it. In fact, Harrison Residential was convicted of three felonies. The aim of the preliminary two deaths implied just a little more than a drug contained in this case. So, these civil rights were not automatically and I don't think to this day substantially restored. In short, we can think of some of the trafficking that took place. So, part of the test works, and part of the test when analyzing a conviction, there's sort of a uniformity. In your case, are there any other felonies by which you're able to succeed yours? No. I've never been raised in the court of jail, and I'm sure you can't deny any of them. Right. So, this statute holds. I mean, I think that the paperwork you received was that you have an excuse, but the basis of our argument is the absence of evidence. In a sense, what we've found is that it's true. I was going to have to repeat this. I'm sorry. I thought I heard you say that. Excuse me. Excuse me. Excuse me. Excuse me. Excuse me. Excuse me. Excuse me. But we were all innocent. We were all stripped. Just stating that it be something that wasn't terms of measure. And, you know, you're all given this court of jury. You're all given this case. And, you know, I'm sure you're not going to be able to get away with it in this case. And, of course, the court is going to give you a chance to do well. And you can do it just to be certain of it. Okay. You also found, though, contrary cases, you know, where all of a sudden, there isn't enough evidence. You've already got a patent. You've already released it. But you still claim to be guilty. No. No. No. No. No. Well, the court is here, so you have to be prepared for some tests. And, of course, the court will receive evidence that the defendant is guilty to the first offense. And I'm sure you're not going to be able to get a case like this from the court. But the jury is just going to let you know that you can get a case like this. And if there's anything that you can do to the court that you can get to the first offense, you can do it. Okay.
judges: Graber, Friedland, Fogel